

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 6, 1939

Mr. Jack Borden
County Attorney
Parker County
Weatherford, Texas

Dear Sir:

Opinion No. 0-417
Re: Ex-officio salary of constables.

Your request for opinion upon the following question:

"May Commissioners' Court allow an ex-officio salary to constables who do not receive maximum fees of office?"

has been received by this office.

Article 3895, Revised Civil Statutes of Texas reads as follows:

"The Commissioners' Court is hereby debarred from allowing compensation for ex-officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this chapter. In cases where the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided for in this chapter, the Commissioners' Court shall allow compensation for ex officio services when, in their judgment, such compensation is necessary, provided, such compensation for ex officio services allowed shall not increase the compensation of the official beyond the maximum of compensation and excess fees allowed to be retained by him under this chapter. Provided, however, the ex officio herein authorized shall be allowed only after an opportunity for a public hearing and only upon the affirmative vote of at least three members of the Commissioners' Court."

Section 24 of Article 5 of the Texas Constitution reads as follows:

"County Judges, county attorneys, clerks of the District and County Courts, justices of the peace, constables, and other county officers, may be removed by the Judges of the

District Courts for incompetency, official
misconduct, habitual drunkenness, or other
causes defined by law, upon the cause therefor
being set forth in writing and the finding of
its truth by a jury."

It will be noted from the reading of the above
section that the framers of the Constitution clearly
classed constables as county officials.

In the case of Veltman vs. Slater, 217 SW 378,
Chief Justice Phillips, Supreme Court of Texas, uses the
following language:

"Article 3893 as amended by the Act of
1913, is a clear grant of power to the Com-
missioners' Court to allow, when in their
judgment necessary, ex officio compensation
to county officials where their compensation
and the excess fees they are permitted to re-
tain do not reach the maximum provided by law,
limited only by the requirement that the al-
lowance shall not increase the compensation
of the particular official beyond that maxi-
mum, and the operation of other subsisting
laws. There is no implication from the lan-
guage, as has been suggested, that the power
can be exercised only where the allowance of
ex officio compensation to the official is
authorized by some other statute. The evi-
dent purpose of the Legislature was to au-
thorize its allowance by this statute, within
the limitations above stated; and it there-
fore suffices for the purpose. The power
was one within the authority of the Legisla-
ture to confer. The statute grants it in
unequivocal terms. That ends the matter
so far as the courts are concerned except
in cases of a manifest abuse of the power."

Hendericks vs. State, 49 SW 705, reads as follows:

"Commissioners, justices of the peace,
and constables are named along with other
officers whose offices extend to the entire
county; and the mention of "other county
officers' is a reference to them as county
officers. Each of them is an officer in and
for the precinct of the county of which his
precinct is a part, and consequently of the
county itself; and we think there should be
no difficulty in construing the constitution
and the statute as including the officers

of the precincts and districts of a county
in the general designation of county offi-
cers."

Therefore, you are respectfully advised that
it is the opinion of this Department that the Commission-
ers' Court may, in their discretion, allow an ex-officio
salary to constables who do not receive maximum fees of
offices, provided that the provisions of Article 3895 of
the Revised Civil Statutes of Texas are complied with.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By   /s/ Wm. J. Fanning
                Assistant

WJF:AW:jrb

APPROVED;
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS